## MITCHELL v. UNITED STATES.

### Civ. No. 29612.

United States District Court
N. D. California, S. D.

Feb. 8, 1951.

Findings of Fact March 9, 1951.

Sherwood & Lewis, Clyde C. Sherwood, John V. Lewis, and M. L. Lieberman, all of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

Plaintiff, owner and operator of a cattle ranch, had an income of $14,973.85 in 1945 from sales of bulls, cows, and heifers culled from her breeding herd. The Commissioner of Internal Revenue treated

this income as ordinary income, in assessing plaintiff's income tax for 1945. Plaintiff taxpayer now sues to recover $3,314.81 of the tax paid for that year, together with interest, upon the ground that this income was not ordinary income but was a capital gain entitled to special treatment pursuant to 26 U.S.C.A. § 117(j).

In principle, and by weight of authority, plaintiff is right. Albright v. United States, 8 Cir., 1949, 173 F.2d 339; United States v. Bennett, 5 Cir., 186 F.2d 407; Isaac Emerson, 1949, 12 T.C. 875; Fawn Lake Ranch, 1949, 12 T.C. 1139; Flato, 1950, 14 T.C. 1241; Oberg, Parag. 49, 134 P-H Memo T.C. The case of Kline, 1950, 15 T.C. 998 cited by respondent, is distinguishable on its facts.

Judgment for plaintiff upon Findings to be presented pursuant to the Rules.

### Findings of Fact.

1. This action is brought under 28 U.S.C.A. §§ 1340 and 1346(a) and Section 3772(a) (1) and (2) of the Internal Revenue Code, 26 U.S.C.A. § 3772(a) (1, 2), for the recovery of income taxes alleged to have been illegally or erroneously assessed and collected, in the total sum of $3,314.81, plus interest from March 15, 1946, as provided by law.

2. The defendant, United States of America, is a corporation sovereign and body politic.

3. Plaintiff is now and has, at all times herein material, been a citizen of the United States and a resident of the State of California at Vallecito, Calaveras County and within the Northern District of California.

4. Within the time allowed by law therefor, plaintiff filed with the Collector of Internal Revenue for the First Collection District of California, her Declaration of Estimated Tax for the taxable year 1945, and on January 10, 1946 plaintiff paid the said Collector of Internal Revenue the sum of $5,775 on account of said Declaration of Estimated Tax. On March 15, 1946 plaintiff filed with said Collector of Internal Revenue an original income tax return for said taxable year 1945, and there-after, on January 21, 1948, plaintiff filed with the said Collector of Internal Revenue an amended income tax return for the said taxable year 1945. Copies of the said original and amended returns are attached to the Partial Stipulation of Facts on file herein.

5. At all times material to this action, the plaintiff kept her books of account and filed her income tax returns on the calendar year basis and on the cash basis of accounting. Plaintiff did not maintain any inventory of livestock on hand, nor did she include the livestock in question in any inventory.

6. During the taxable year 1945 and at all times prior thereto material to this controversy, plaintiff was engaged in the business of operating a cattle ranch situated at Vallecito, Calaveras County, State of California. Her principal income for the taxable year and for eight or more years prior thereto was from sales of beef cattle raised upon her said ranch.

7. In the course of her said business, the plaintiff maintained a breeding herd of selected cows and bulls which were used in the production of beef cattle for sale. The animals placed in said breeding herd were at all times kept separate from the other cattle held for sale. The said breeding herd was maintained in the following manner: The cows were animals raised on plaintiff's farm and the bulls were pure bred bulls purchased from outside sources. From the calves, when weaned, each year, a varying number of heifers were selected as breeders. These heifers were transferred to the breeding pastures and thereafter remained separate from the cattle held for sale. When two years old they were placed with the breeding herd and bred. It was plaintiff's regular practice to sell some of the older or economically less desirable animals from the breeding herd each year and to replace them, in the manner aforesaid, with heifers that she had raised on her ranch. The number of animals so added to the herd or replaced each year varied according to feed conditions, prices, and the age and condition of the cattle. Plaintiff's said breeding herd numbered 611 animals on January

1, 1945 and 626 animals on December 31, 1945, so that in the taxable year the number of heifers added to the breeding herd exceeded the number of cattle sold therefrom by fifteen (15).

8. During the taxable year plaintiff sold animals held for sale on the market as well as animals from the breeding herd under her normal practice. Plaintiff received the sum of $19,288.19 from the sale of cattle held for sale on the market and the sum of $14,973.85 from the sale of cattle from her breeding herd. All of the cattle so sold from her breeding herd had been held by plaintiff for a period in excess of six months prior to their sale and were held primarily for breeding purposes.

9. Plaintiff in her original income tax return for the calendar year 1945 filed as aforesaid reported the net proceeds from the sale of the animals in both categories (those held for sale and those held for breeding purposes) as ordinary income. In her amended return filed as aforesaid the net profit from the sale of animals held for sale on the market was reported as ordinary income and the gain derived from the sale of animals held for breeding purposes was reported as a long term capital gain under the provisions of Section 117(j) of the Internal Revenue Code, 26 U.S.C.A. § 117(j), resulting in a decrease of plaintiff's income tax liability for the calendar year 1945 by the amount of $3,314.81 as compared to the income tax liability shown on said original return.

10. On the 20th day of January, 1948, and within the time allowed by law therefor, plaintiff duly filed with the Collector of Internal Revenue for the First Collection District of California, a verified claim on Form 843 for the refund of said sum of $3,314.81 alleged to represent the amount by which plaintiff erroneously overpaid her income tax for the taxable year 1945; a copy of said claim for refund marked Exhibit "A" is annexed to the complaint on file herein. In said claim for refund plaintiff set forth the ground upon which she relied in support thereof and which was the same ground upon which she filed her amended return for the taxable year 1945 as aforesaid, to wit: That the gain realized by plaintiff from the sale of cattle from her breeding herd as aforesaid was a long term capital gain within the provisions of Section 117(j) of the Internal Revenue Code, 26 U.S.C.A. § 117(j) and that her income tax liability for the said taxable year 1945 was as stated in the amended, and not as stated in the original return. Said claim for refund was never allowed by the Commissioner of Internal Revenue and more than six months elapsed between the date of its filing and the filing of the complaint herein.